UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNARD HENNEBERGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 1:18-cv-00134-RP |
| | § | |
| TICOM GEOMATICS, INC., | § | |
| SIX3 SYSTEMS, INC., | § | |
| CACI INTERNATIONAL, INC., | § | |
| GTCR, LLC, MARK LEACH, and | § | |
| DAVID FEUERSTEIN, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' SUPPLEMENTAL DOCUMENTS IN SUPPORT OF NOTICE OF REMOVAL

COME NOW Defendants Ticom Geomatics, Inc., Six3 Systems, Inc., CACI International, Inc., GTCR, LLC, Mark Leach, and David Feuerstein (collectively "Defendants") and file their Supplemental Documents in Support of Notice of Removal and in support thereof states the following:

**I.**

Pursuant to this Court's Order dated February 13, 2018, Defendants hereby supplement the notice of removal with pleadings and other documents from the civil action styled *Bernard Henneberger v. Ticom Geomatics, Inc., et al,* Cause No. D-1-GN-17-005401, from the District Court of Travis County, Texas, 53rd Judicial District (the "State Court Lawsuit") as follows:

Attached hereto as Exhibit "A" and incorporated herein by reference for all purposes are copies of all documents filed in the State Court Lawsuit arranged in chronological order according to the State Court file date. Attached hereto as Exhibit "B" and incorporated herein by

reference for all purposes is a copy of the DMS Case Document List/Docket Sheet from the State Court Lawsuit.

Dated:  February 14, 2018.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: /s/ Jamie R. McGonigal
Jamie R. McGonigal
State Bar No. 24007945
Andrew P. Vickers
State Bar No. 24084021
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685.6417
jamie.mcgonigal@wallerlaw.com
andrew.vickers@wallerlaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February 2018, a copy of the foregoing has been served via email and via certified mail, return receipt requested:

Bernard Henneberger
213 N. Washington Street
Carbondale, IL 62901
bernee@me.com
*Plaintiff*

/s/ Jamie McGonigal
Jamie McGonigal

# EXHIBIT A

Filed in The District Court
of Travis County, Texas

OCT - 6 2017 **CJe**

At____10 : 00____*A*.M.
Velva L. Price, District Clerk

IN THE DISTRICT COURT OF TRAVIS COUNTY, TEXAS
_____ JUDICIAL DISTRICT

| | | |
|---|---|---|
| BERNARD HENNEBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. _____ |
| | ) | |
| TICOM GEOMATICS, INC., | ) | D-1-GN-17-005401    53RD |
| SIX3 SYSTEMS, INC., | ) | |
| CACI INTERNATIONAL, INC., | ) | |
| GTCR, LLC, | ) | |
| MARK LEACH, and | ) | |
| DAVID FEUERSTEIN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Bernard Henneberger, pro se, and for his complaint in this cause alleges as follows:

1.      This action is brought by Plaintiff seeking damages for breach of contract, fraud, unjust enrichment/quantum meruit and promissory estoppel suffered as a result of misrepresentations by Defendants Ticom Geomatics, Inc. ("Ticom"), Six3 Systems, Inc. ("Six3"), CACI International, Inc. ("CACI"), GTCR, LLC ("GTCR"), Mark Leach, and David Feurstein regarding Defendants' intent to give Plaintiff a portion of the proceeds of the sale of Ticom to Six3 as consideration for valuable services rendered by Plaintiff to Ticom and Ticom's officers and agents Leach and Feuerstein. As a result of the valuable intellectual property created by Plaintiff for Ticom, Ticom was purchased by Six3, a shell company created by GTCR, for a sum believed to be in excess of $60,000,000 in 2012. Thereafter, Six3 and Ticom were purchased by CACI in 2013. In spite of the representations made to Plaintiff to Defendant, and the valuable benefit that Plaintiff has conferred on Defendants, Plaintiff has not received any of the proceeds of the sale of Ticom as was promised to Plaintiff by Defendants.

## PARTIES

2.    Plaintiff Bernard Henneberger is a citizen and resident of the State of Illinois and a former employee of Ticom.

3.    Defendant Ticom Geomatics, Inc., is a corporation headquartered in the State of Texas. Ticom may be served with process at 9130 Jollyville Road, Suite 100, Austin, Texas 78759.

4.    Defendant Six3 Systems, Inc., is a corporation headquartered in the State of Virginia. Six3 can be served with process at 1430 Spring Hill Road, McLean, Virginia 22102.

5.    Defendant CACI International, Inc., is a corporation headquartered in the State of Virginia. CACI can be served with process at 1100 North Glebe Road, Arlington, Virginia 22201.

6.    Defendant GTCR, LLC, is a limited liability company the members of which are citizens and residents of the State of Illinois. GTCR can be served with process at 300 North LaSalle Street, Suite 5600, Chicago, Illinois 60654.

7.    Defendant Mark Leach was and is a citizen of Texas and the President of Ticom. Leach may be served with process at 9130 Jollyville Road, Suite 100, Austin, Texas 78759.

8.    Defendant David Feuerstein was and is a citizen of Texas and Vice President for Ticom. Feuerstein may be served with process at 9130 Jollyville Road, Suite 100, Austin, Texas 78759.

2

## JURISDICTION AND VENUE

9.      The District Courts of Travis County, Texas have jurisdiction over this case. The amount in controversy exceeds the minimal jurisdictional limits of this Court, and the exercise of this Court's jurisdiction over the Defendants is proper. Venue is appropriate in the District Courts of Travis County, Texas pursuant to Texas Civil Practices & Remedies Code  § 15.002 in as much as a substantial part of the events or omissions giving rise to the claims occurred in Travis County and one or more of the defendants resides in Travis County.

10.     Furthermore, each of the individual defendants was present for all or part of the transactions in Travis County which are the subject matter of this complaint. For the corporate defendants each had a representative who was in Travis County for all or part of the transactions which are the subject matter of this complaint.

11.     Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has in personam jurisdiction over all the Defendants because Defendants are present in the State of Texas such that requiring an appearance does not offend traditional notions of fair play and substantial justice. This Court has personal jurisdiction over all the Defendants pursuant to, and consistent with, Texas' long-arm statute (§ 17.0042), Texas Multiple Defendant statute (§15.005) and the Constitutional requirements of Due Process in that the Defendants, acting through their agents or apparent agents, committed one or more of the following acts:  (a) Defendants contract by mail or otherwise with a Texas resident, § 17.042(1); (b) Defendants commit a tort in whole or in part in this state, § 17.042(2); (c) Defendants recruit Texas residents, directly or through an intermediary located in this state, § 17.042(3); (e) in a suit in which the Plaintiff has established proper venue against a defendant, the court also has venue of all the defendants in all claims or actions arising out out of the

3

same transaction, occurrence or series of transactions § 15.005; (d) requiring Defendants to litigate this claim in Texas does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. Accordingly venue is proper for all Defendants.

## FACTS

12.    Plaintiff holds a B.S. in Electrical Engineering from Purdue University and an M.S. in Signal Processing from the University of Houston. Plaintiff's M.S. thesis was published. Before working for Ticom, Plaintiff was employed from 1991 until 1997 by Lockheed Martin Engineering and Sciences at the National Aeronautical and Space Administration in Houston, Texas, where he worked on projects like the Space Shuttle and the Hubble Telescope.

13.    In 1997 Plaintiff accepted a position at the Applied Research Laboratory ("ARL") at the University of Texas in Austin, Texas. At ARL Plaintiff conducted research on locating spread-spectrum signals. Berfore accepting the position, ARL employees Mark Leach and David Feuerstein told Plaintiff that they planned to form a start-up company. Leach and Feuerstein assured the Plaintiff that he could join them in their venture.

14.    In 1998 ARL employees Mark Leach, David Feuerstein, Camille Tucker, Barbara Craig, and Cary Logan were terminated and escorted off ARL's premises.

15.    Plaintiff's research group at ARL received pink slips, but ARL offered Plaintiff a position with a software development group.

16.    At approximately the same time Plaintiff received a pink slip from ARL, Feuerstein offered Plaintiff a position with a new company, Ticom, that Leach, Feuerstein, Tucker, Craig and Logan were creating.

4

17.    In early June 1998 Plaintiff accepted a part-time position with Ticom. Shortly after join-ing Ticom, Plaintiff was able to develop a fix that resolved a serious problem that was affecting Ti-com's only project, a contract with Lockheed Corporation. During this period, although Ticom's only contract was with Lockheed, Ticom mysteriously was in possession of equipment belonging to the United States Navy that formerly had been in the possession of ARL.

18.    On June 10, 1998, Plaintiff disclosed to Leach that Plaintiff, on his own time, had de-veloped a method for estimating effective signal noise reduction ("SNR"). Plaintiff explained to Leach that the algorithm Plaintiff had designed for estimating SNR could be used to develop a model for measuring error in locating the source of a signal. The algorithm could produce an accurate search ellipse.

19.    Plaintiff assisted in writing proposals that resulted in the award of a large series of con-tracts to Ticom develop systems stemming from Plaintiff's SNR system. Also, Plaintiff developed or led the development of many algorithms that make up a large part of the deployed systems.  These include:

a) a Measurement Error Model that allowed confidence ellipses rather than dots with unknown accuracy to be put on a map;

b) a Sensor Data Compression algorithm that provides over a 4:1 increase in geoloca-tion accuracy/throughput;

c) a Data Selection Metric algorithm that outputs important data displayed to the user; and

d) an Emitter Motion Detection algorithm to filter dangerous misinformation about the location of a signal.

5

20.     In 2000 Mark Leach, Ticom's President, called a meeting of all Ticom employees that he termed a "shareholder's meeting." At the meeting Leach assured all Ticom employees that they would receive equity interests in Ticom. However, when Plaintiff and his co-worker Lisa Giullianelli asked Leach for specifics of the proposed plan to give Ticom employees ownership interests in the company, and when Plaintiff discussed the value that his algorithms had added to Ticom, Leach hastily closed the meeting with vague assurances to "Trust me." The meeting subsequently was recalled among Ticom management as "Black Tuesday."

21.     In 2002 Cary Logan was forced out of Ticom.  Plaintiff tried to prevent Logan's ouster from Ticom by offering Leach a portion of what Plaintiff believed was his equity interest in Ticom. Leach did not contest Plaintiff's claim to an equity interest in Ticom but argued instead that counter-vailing considerations demanded that Logan leave the company, namely, Logan supposedly had made unwanted sexual advances to Camille Tucker (not long after Logan's ouster from Ticom, Leach and Tucker were married).

22.     In July 2007 shortly before Plaintiff was due to begin a Ticom-approved sabbatical, Leach advised Plaintiff that Digital Receiver Technology, Inc. ("DRT"), had made an offer to buy Ticom. Leach told Plaintiff that he hoped to give Plaintiff $1,000,000 from the proceeds of the sale of Ticom to DRT and added that, when Plaintiff's sabbatical was over, "I don't expect you or you won't need to come back to the company," meaning that Plaintiff's share of the proceeds of the sale of Ticom to DRT would be large enough to obviate the need for Plaintiff to return to work for Ticom after Plaintiff completed his sabbatical. Subsequently, however, the sale of Ticom to DRT was not completed.

23.     In September 2007 Plaintiff began his sabbatical. Plaintiff agreed with Ticom to take a special transmitter with him on sabbatical for testing. However, while Plaintiff was in Burma (Myanmar) during his sabbatical, he determined that the transmitter was likely to identify him to Burmese

security forces, who were engaged at the time in suppressing widespread pro-democracy protests, as a journalist or spy, so that Plaintiff arranged to have the transmitter returned safely to Ticom.

24.   While Plaintiff was on sabbatical in Asia, and without Plaintiff's knowledge or consent, Ticom reinvested the funds in Plaintiff's 401(k), of which Plaintiff had allocated 50% in bonds and 50% in Socially Responsible Investment funds, in higher-risk and less ethical investment vehicles, with the result that the value of Plaintiff's 401(k) was reduced by approximately half.

25.   In September 2008 Plaintiff returned to the United States. Plaintiff met with David Feuerstein, who gave Plaintiff a check for a $20,000 performance bonus. At that time, Feuerstein advised Plaintiff that at such time as Ticom were sold, Plaintiff would receive a portion of the sale proceeds.

26.   In November 2008 Plaintiff founded a non-profit organization called Refugee Film Outreach ("RFO"). In February 2009 Plaintiff met with Mark Leach to discuss using a portion of Plaintiff's equity in Ticom to finance RFO's activities. Leach agreed to furnish office space at Ticom for RFO and to direct a portion of Plaintiff's equity in Ticom to financing RFO's activities. Plaintiff prepared a budget for RFO in the amount of $200,000, that is, 20% of the $1,000,000 equity in Ticom that Leach previously had acknowledged Plaintiff to have, in which Plaintiff identifying various items needed by RFO to operate. Plaintiff submitted the proposed budget to Leach.

27.   At a subsequent meeting between Plaintiff and Leach, Leach informed Plaintiff that at that time Ticom could not assist RFO because, "We are too successful to help you right now." Leach meant that, at the time, all of Ticom's profits were being used to hire new employees, inasmuch as Ticom received a rebate of 20% per capita on each employee the company hired to work on projects for the government.

7

28.    Although Leach declined following the 2008 meeting to direct substantial funding to RFO on account of Ticom's financial position at the time, in April 2009 Leach offered to donate to RFO an inflatable movie screen. A movie screen was one of the items Plaintiff had identified in the proposed budget he submitted to Leach as being needed by RFO for the organization's operations. However, because the inflatable screen Leach offered to donate was unsuitable for RFO's needs, Plaintiff declined Leach's offer.

29.    In or about 2010 in a meeting between Plaintiff and Leach and Feuerstein, Leach acknowledged to Plaintiff that the Measurement Error Model designed by Plaintiff was valuable to Ticom. At that time, Feuerstein again assured Plaintiff that, if Ticom were sold, Plaintiff would receive a share of the proceeds from the sale.

30.    In 2012 Ticom was sold to Six3 for an undisclosed sum believed to be in excess of $60,000,000. Although Plaintiff has been reliably informed and believes that numerous Ticom employees received bonuses as a result of the sale, some in the amount of hundreds of thousands of dollars, Ticom has refused to pay Plaintiff any portion of the proceeds from the sale of Ticom to Six3.

31.    Six3 is a shell company created in 2009 by GTCR. During Plaintiff's last meeting with David Feuerstein, Vice President of Ticom Geomatics Inc. on April 16, 2013, Feuerstein informed Plaintiff that all decisions about Ticom were being made by GTCR. Specifically, Feuerstein told Plaintiff that an investment group he referred to as the "five guys," meaning GTCR, were really the ones in charge of both Ticom and Six3. Thus, Ticom could not offer Plaintiff a share of the proceeds of the sale of Ticom without GTCR's approval, and GTCR effectively had control of intellectual property invented or designed by Plaintiff.

32.    In November 2013 Six3 and its wholly-owned subsidiary Ticom were purchased by CACI for approximately $820,000,000.

8

33. As discussed above, Ticom's refusal to pay Plaintiff any part of the proceeds of the sale of Ticom to Six3 is in violation of repeated acknowledgments by Leach and other Ticom officers of the value Plaintiff's algorithms added to Ticom's net worth, repeated promises by Leach and Feuerstein that Plaintiff would receive a share of the proceeds of any sale of Ticom to another company, and repeated acknowledgments by Leach that Plaintiff has an equity interest in Ticom worth at least $1,000,000.

34. On August 28, 2014 Defendants submitted forged employment and intellectual property related documents to U.S. District Court Southern District of Illinois.   Exhibit A is Plaintiff's affidavit attesting to these facts. The fraudulent documents were filed again by Defendants including GTCR on March 18, 2016 in the same court.  The 2002 purported signing date of the documents was 4 years after the beginning of the venture, after much of the above discussed intellectual property was already developed.

## COUNT I
## BREACH OF CONTRACT

35.    Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

36.    Defendants entered into an oral contract with Plaintiff to pay Plaintiff an equity share of Ticom in an amount not less than $1,000,000, upon the sale of Ticom to another company.

37.    This contract was supported by good and valuable consideration in the form of intellectual property, including algorithms, developed by Plaintiff, from which Ticom has profited and continues to profit.

9

38.     Defendants, and each of them, breached their oral agreement with Plaintiff by failing and refusing to perform in good faith their promise to pay Plaintiff a portion of the proceeds of the sale of Ticom and by failing to pay Plaintiff any portion of the proceeds of the sale of Ticom to Six3.

39.     Defendants' breach of contract was malicious and in reckless disregard of Plaintiffs' rights.

40.     As a direct and proximate result of the Defendants' breach of contract, Plaintiff suffered severe financial loss. The Plaintiff has lost past earnings and has suffered a loss of earning capacity. The Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. The Plaintiff's injuries and damages are permanent and will continue into the future. The Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

**COUNT II**
**UNJUST ENRICHMENT/QUANTUM MERUIT**

41.     Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

42.     As set forth above, Defendants committed numerous wrongful and fraudulent acts and omissions calculated to make Plaintiff believe that he owned an equity interest in Ticom and would receive a share of the proceeds of any sale of Ticom to another company.

43.     As a result of the said misrepresentations and omissions by Defendants, which were calculated to lead, and did lead, Plaintiff to believe that he possessed an equity interest in Ticom, Defendants obtained valuable intellectual property, including algorithms, developed by Plaintiff.

44.     Ticom has profited and continues to profit from the algorithms developed by Plaintiff, thereby obtaining monies which rightfully belong to Plaintiff.

45.     Defendants have enjoyed the benefit of increased financial gains as a result of Plain-
tiff's algorithms.

46.     Defendants have unjustly retained these profits, while refusing to remunerate Plaintiff
in any way, such as giving him a portion of the proceeds of the sale of Ticom to Six3, as promised.

47.     In equity and good conscience Defendants should not be permitted to retain these
wrongfully obtained profits.

48.     Plaintiff, therefore, seeks an order establishing Defendants as constructive trustees of
the profits unjustly obtained, plus interest.

## COUNT III
## FRAUD

49.     Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint
contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more
fully set forth herein.

50.     The Defendants made statements and omissions that were calculated to lead, and did
lead, Plaintiff to believe that, in return for his valuable contributions to Ticom, he possessed an equity
interest in Ticom and would receive a share of the proceeds of any sale of Ticom to another company.

51.     The Defendants' statements and omissions were made with the intent that the Plain-
tiff herein would rely on such statements and omissions.

52.     The Plaintiff reasonably relied upon Defendants' statements and omissions regarding
Plaintiff's equity interest in Ticom and the share Plaintiff would receive of the proceeds of the sale of
Ticom to another company.

53.     As a direct and proximate result of the Defendants' acts of fraud, the Plaintiff has suf-
fered severe financial loss. The Plaintiff has lost past earnings and has suffered a loss of earning ca-
pacity. The Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been

11

physically, emotionally and economically injured. The Plaintiff's injuries and damages are permanent and will continue into the future. The Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

54.     By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of $10,000,000.

## COUNT IV
## PROMISSORY ESTOPPEL

55.     Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

56.     As set forth above, Defendants committed numerous wrongful and fraudulent acts and omissions calculated to make Plaintiff believe that he owned an equity interest in Ticom and would receive a share of the proceeds of any sale of Ticom to another company.

57.     As a result of the said misrepresentations and omissions by Defendants, which were calculated to lead, and did lead, Plaintiff to believe that he possessed an equity interest in Ticom, Defendants obtained valuable intellectual property, including algorithms, developed by Plaintiff.

58.     Ticom has profited and continues to profit from the algorithms developed by Plaintiff, thereby obtaining monies which rightfully belong to Plaintiff.

59.     Defendants have enjoyed the benefit of increased financial gains as a result of Plaintiff's algorithms.

60.     Defendants have unjustly retained these profits, while refusing to remunerate Plaintiff in any way, such as giving him a portion of the proceeds of the sale of Ticom to Six3, as promised.

61.    In equity and good conscience Defendants should not be permitted to retain these wrongfully obtained profits.

62.    Plaintiff, therefore, seeks an order establishing Defendants as constructive trustees of the profits unjustly obtained, plus interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court do the following:

A. Award Plaintiff compensatory and punitive damages in an amount to be determined by the trier of fact;

B. Award Plaintiff costs, prejudgment interest, and attorney fees; and

C. Grant such other relief as is just and proper.

Date:                          Respectfully submitted,

By: _____

BERNARD HENNBERGER
213 N. Washington St.
Carbondale, IL 62901
Tel. 630-408-8630
PRO SE

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

BERNARD HENNEBERGER,       )
                               )
      Plaintiff,          )
                               )
vs.                       )   Case No. 14-920-MJR-SCW
                               )
TICOM GEOMATICS, INC.,      )
SIX3 SYSTEMS, INC.,          )
CACI INTERNATIONAL, INC.,   )
MARK LEACH, and          )
DAVID FEUERSTEIN,        )
                               )
      Defendants.       )

## AFFIDAVIT OF BERNARD HENNEBERGER

I, Bernard Henneberger, hereby declare as follows:

1.    I did not sign the documents in exhibit A to defendants' motion to dismiss or to transfer for lack of personal jurisdiction and venue .

2.    In December 2002, when the documents were supposedly signed, or later, the secretaries and administrative staff had distributed a new policy and procedures manual which needed to be signed and returned. For several weeks I did not sign it. Karina, one of the secretaries came by almost daily to see if I had signed it. I never did. After some consternation from Carolyn Kroger-Estes, the head of administration for Ticom Geomatics, Karina indicated that I no longer needed to sign it. Ticom is likely to have an unsigned copy of this manual.

3.    The manual to my knowledge did not contain any intellectual property agreement.

4.    To my knowledge Ticom did not ask anyone to sign an intellectual property agreement with them until after I had left.   It was never Ticom's policy to patent any intellectual property.

5.    I did sign a non-disclosure agreement with Digital Receiver Technology at a later date related to a document they were sharing with us.

6.    I held a security clearance and have been ever mindful about disclosures of government information.

7.    I have never seen the documents submitted in support of Defendants' motion to dismiss before. I have searched my own records carefully and have not found any copies of those documents, either signed or unsigned.

"OFFICIAL SEAL"
ANGELA JILL STOKES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 09-30-2014

EXHIBIT "A"
1.

App. 28

8.    Had I been presented with an agreement in the form of the non-disclosure and intellectual property agreement that Defendants claim I signed during my association with Ticom, I would have refused to sign it.

9.    I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT.

_Angela Jill Stokes_

WITNESSETH    9/17/14

"OFFICIAL SEAL"
ANGELA JILL STOKES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 09-30-2014

_Bernard Henneberger_

Bernard Henneberger

EXHIBIT "A"
2

App. 29

PRESS FIRMLY TO SEAL

DELIVER BY
10:30 AM

U.S. POSTAGE
PAID
CARBONDALE, IL
62901
OCT 04 17
AMOUNT
**$28.75**
R2308K131564-10

1007    78787

PRIORITY
MAIL ★
ESS™
E U.S.

DELIVER BY
10:30 AM

INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

≡EMS≡

EPT3F July 2013   OD: 12.5 x 9.5

PS10001000006

VISIT
ORDER

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

FROM: (PLEASE PRINT)   PHONE ( 6 )  618 408 - 8670

Bernard Henneberger
213 N Washington St
Carbondale  IL  62901

GWINS
MD

C.J.

□ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
□ No Saturday Delivery (delivered next business day)
□ Sunday/Holiday Delivery Required (additional fee, where available)*
□ 10:30 AM Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

Travis County District
Clerk office    Ste 302
P.O. Box 679003

ZIP + 4® (U.S. ADDRESSES ONLY)

7 8 7 6 7 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

UNITED STATES
POSTAL SERVICE®

PRIORITY
★ MAIL ★
EXPRESS™

EK639339035US

PO ZIP Code  **62901**

Date Accepted (MM/DD/YY)  **10-4-17**

Time Accepted  **453**  □ AM  □ PM

Weight  lb.  oz.

☒ 1-Day    □ 2-Day    □ Military    □ DPO

Scheduled Delivery Date (MM/DD/YY)  **10-5**

Scheduled Delivery Time
☒ 10:30 AM  □ 3:00 PM
□ 12 NOON

10:30 AM Delivery Fee  $

Sunday/Holiday Premium Fee  $

Acceptance Employee Initials  **SM**

Postage  $ **23 75**

Insurance Fee  COD Fee

Return Receipt Fee  Live Animal Transportation Fee
$  **5.00**

Total Postage & Fees  $ **28.75**

Delivery Attempt (MM/DD/YY)  Time  □ AM  □ PM  Employee Signature

Delivery Attempt (MM/DD/YY)  Time  □ AM  □ PM  Employee Signature

LABEL 11-B, JANUARY 2014    PSN 7690-02-000-9994    3-ADDRESSEE COPY

Filed in The District Court
of Travis County, Texas

FEB 0 5 2018

At_____M.
Velva L. Price, District Clerk

1/30/2018

Bernard Henneberger
213 N. Washington Street
Carbondale IL, 62901

District Court Clerk of Travis County Texas
PO Box 679003
Austin TX, 78767

Dear District Court Clerk:

I am writing this letter to request service of all defendants by certified mail for a previously filed civil suit cause number D-1-GN-17-005401 filed in the 53rd District Court of Travis County on October 6, 2017. It is my understanding that the fees for this are $98 per defendant ($8 + $75+$1 per page x 15 pages). Please find attached a money order for $588 ($98 x 6 defendants).

Please serve all defendants at the addresses listed in the complaint. Thank you.

Sincerely,

Bernard Henneberger
Pro Se
213 N. Washington Street
Carbondale IL, 62901

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-17-005401**

BERNARD HENNEBERGER

, Plaintiff

vs.

TICOM GEOMATICS ,INC, SIX3 SYSTEMS INC, CACI INTERNIONAL INC,
GTCR ,LLC MARK LEACH AND DAVID FEUERSTEIN

, Defendant

TO:   TICOM GEOMATICS INC
      9130 JOLLYVILLE RD STE 100
      AUSTIN, TEXAS 78759

Defendant, in the above styled and numbered cause:    **CETRIFIED MAIL 7014 3490 0000 6723 2132**

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>COMPLAINT</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which
was filed on <u>OCTOBER 6 ,2017</u> in the <u>53RD JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>February 07, 2018.</u>

REQUESTED BY:
BERNARD HENNEBERGER
213  N WASHINGTON ST
CARBONDALE, ILLINOIS 62901
Tel 630-408-8630

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>COMPLAINT</u> accompanying pleading, having

first attached such copy of such citation to such copy of pleading and endorsed on such copy of

citation the date of delivery.

Service Fee: $ _____

                                          _____
                                          Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                          By:_____

_____ day of _____, _____.

                                          _____
                                          Printed Name of Server

_____        _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-17-005401                    *SERVICE BY DISTRICT CLERK*              P01 - 000061485
☐ Original        ☐ Service Copy





**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com .

**OFFICIAL USE**

7014 3490 0000 6723 2132

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark

D-1-GN-17-005401
COMPLAINT
DF 1 (VB)

Sent To

Street & Apt. No., or PO Box No.

City, State, ZIP+4

TICOM GEOMATICS INC
9130 JOLLYVILLE RD STE 100
AUSTIN, TEXAS 78759

PS Form 3800, July 20..

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-17-005401**

BERNARD HENNEBERGER

, Plaintiff

vs.

TICOM GEOMATICS ,INC, SIX3 SYSTEMS INC, CACI INTERNIONAL INC,
GTCR ,LLC MARK LEACH AND DAVID FEUERSTEIN

, Defendant

TO:   SIX3 SYSTEMS INC
      1430 SPRING HILL RD
      MC LEAN, VIRGINIA 22102

Defendant, in the above styled and numbered cause:   **CERTIFIED MAIL 7014 3490 0000 6723 2149**

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the COMPLAINT of the PLAINTIFF in the above styled and numbered cause, which
was filed on OCTOBER 6 ,2017  in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, February 07, 2018.

REQUESTED BY:
BERNARD HENNEBERGER
213  N WASHINGTON ST
CARBONDALE, ILLINOIS 62901
Tel 630-408-8630

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

-- -- - -- - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the COMPLAINT accompanying pleading, having

first attached such copy of such citation to such copy of pleading and endorsed on such copy of

citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.


_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-17-005401                    SERVICE BY DISTRICT CLERK                P01 - 000061486

☐ Original        ☐ Service Copy



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | D-1-GN-17-005401 |
| Restricted Delivery Fee (Endorsement Required) | COMPLAINT |
| Total Postage & Fees | $ DF 2 (VB) |

Sent To

Street & Apt. No.,
or PO Box No.
City, State, ZIP+4

SIX3 SYSTEMS INC
1430 SPRING HILL RD
MC LEAN  VIRGINIA 22102

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6723 2149

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-17-005401**

BERNARD HENNEBERGER

, Plaintiff

vs.

TICOM GEOMATICS ,INC, SIX3 SYSTEMS INC, CACI INTERNIONAL INC,
GTCR ,LLC MARK LEACH AND DAVID FEUERSTEIN

, Defendant

TO:    CACI INTERNATIONAL INC
       1100 NORTH GLEBE RD
       ARLINGTON, VIRGINIA 22201

Defendant, in the above styled and numbered cause:  **CERTIFIED MAIL : 7014 3490 0000 6723 2156**

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>OCTOBER 6 ,2017</u> in the <u>53RD JUDICIAL DISTRICT COURT</u> of Travis County, Austin, *Texas.*

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>February 07, 2018.</u>

REQUESTED BY:
BERNARD HENNEBERGER
213  N WASHINGTON ST
CARBONDALE, ILLINOIS 62901
Tel 630-408-8630

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>COMPLAINT</u> accompanying pleading, having

first attached such copy of such citation to such copy of pleading and endorsed on such copy of

citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-17-005401                    SERVICE BY DISTRICT CLERK                    P01 ~ 000061487

☐ Original        ☐ Service Copy



U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

D-1-GN-17-005401
COMPLAINT
DF 3 (VB)

Sent To
CACI INTERNATIONAL INC
Street & Apt. No., or PO Box No.
1100 NORTH GLEBE RD
City, State, ZIP+4
ARLINGTON, VIRGINIA 22201

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6723 2156

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-17-005401**

BERNARD HENNEBERGER

, Plaintiff

vs.

TICOM GEOMATICS ,INC, SIX3 SYSTEMS INC, CACI INTERNIONAL INC,
GTCR ,LLC MARK LEACH AND DAVID FEUERSTEIN                    , Defendant

TO:   GTCR LLC
      300 NORTH LASALLE ST
      STE 5600
      CHICAGO, ILLINOIS 60654

Defendant, in the above styled and numbered cause:  **CERTIFIED MAIL 7014 3490 0000 6723 2163**

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the COMPLAINT of the PLAINTIFF in the above styled and numbered cause, which
was filed on OCTOBER 6,2017  in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, February 07, 2018.

REQUESTED BY:
BERNARD HENNEBERGER
213  N WASHINGTON ST
CARBONDALE, ILLINOIS 62901
Tel 630-408-8630

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- - **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the COMPLAINT accompanying pleading, having

first attached such copy of such citation to such copy of pleading and endorsed on such copy of

citation the date of delivery.

Service Fee: $ _____

                                          _____
                                          Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the

                                          By:_____
_____ day of _____, _____.

                                          _____
                                          Printed Name of Server

_____                    _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-17-005401                    SERVICE BY DISTRICT CLERK                    P01 - 000061491
☐Original          ☐Service Copy



**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

D-1-GN-17-005401
COMPLAINT
DF 4 (VB)

Postmark

Sent To
Street & Apt. No., or PO Box No.
City, State, ZIP+4

GTCR LLC
300 NORTH LASALLE ST
STE 5600
CHICAGO, ILLINOIS 60654

PS Form 3800, Jul

7014 3490 0000 6723 2163

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-17-005401**

BERNARD HENNEBERGER

                                                                        , Plaintiff

    vs.

TICOM GEOMATICS ,INC, SIX3 SYSTEMS INC, CACI INTERNIONAL INC,
GTCR ,LLC MARK LEACH AND DAVID FEUERSTEIN

                                                                        , Defendant

TO:  MARK LEACH
    9130 JOLLYVILLE RD STE 100
    AUSTIN, TEXAS 78759

Defendant, in the above styled and numbered cause:  **CERTIFIED MAIL : 7014 3490 0000 6723 2170**

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the COMPLAINT of the PLAINTIFF in the above styled and numbered cause, which was filed on OCTOBER 6,2017  in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at office, February 07, 2018.

REQUESTED BY:
BERNARD HENNEBERGER
213  N WASHINGTON ST
CARBONDALE, ILLINOIS 62901
Tel 630-408-8630

                     Velva L. Price
                     **Travis County District Clerk**
                     **Travis County Courthouse**
                     **1000 Guadalupe, P.O. Box 679003 (78767)**
                     **Austin, TX  78701**

                     PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the COMPLAINT accompanying pleading, having

first attached such copy of such citation to such copy of pleading and endorsed on such copy of

citation the date of delivery.

Service Fee: $ _____

                    _____
                    Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                    By:_____

_____ day of _____, _____.

                    _____
                    Printed Name of Server

_____

Notary Public, THE STATE OF TEXAS

                    _____ County, Texas

D-1-GN-17-005401                  SERVICE BY DISTRICT CLERK        P01 - 000061492

 Original        Service Copy



U.S. Postal Service
CERTIFIED MAIL RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com .

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark

D-1-GN-17-005401
COMPLAINT
DF 5 (VB)

Sent To

Street & Apt. No., or PO Box No.

City, State, ZIP+4

MARK LEACH
9130 JOLLYVILLE RD STE 100
AUSTIN, TEXAS 78759

PS Form 3800, July 2014                    See Reverse for Instructions

7014 3490 0000 6723 2170

C I T A T I O N

T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-17-005401

BERNARD HENNEBERGER

, Plaintiff

vs.

TICOM GEOMATICS ,INC, SIX3 SYSTEMS INC, CACI INTERNIONAL INC,
GTCR ,LLC MARK LEACH AND DAVID FEUERSTEIN

, Defendant

TO:   DAVID FEUERSTEIN
      9130 JOLLYVILLE RD STE 100
      AUSTIN, TEXAS 78759

Defendant, in the above styled and numbered cause: **CERTIFIED MAIL 7014 3490 0000 6723 2187**

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>COMPLAINT</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>OCTOBER 6,2017</u> in the <u>53RD JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at office, <u>February 07, 2018.</u>

REQUESTED BY:
BERNARD HENNEBERGER
213 N WASHINGTON ST
CARBONDALE, ILLINOIS 62901
Tel 630-408-8630

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>COMPLAINT</u> accompanying pleading, having

first attached such copy of such citation to such copy of pleading and endorsed on such copy of

citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-17-005401

SERVICE BY DISTRICT CLERK

P01 - 000061493

☐ Original        ☐ Service Copy



**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com .

# OFFICIAL USE

Postage | $

Certified Fee

Return Receipt
(Endorsement Requ | D-1-GN-17-005401

Restricted Delivery
(Endorsement Requ | COMPLAINT
DF 6 (VB)

Total Postage & Fees | $

Sent To

Street & Apt. No.,
or PO Box No.
City, State, ZIP+4 | DAVID FEUERSTEIN
9130 JOLLYVILLE RD STE 100
AUSTIN, TEXAS 78759

PS Form 3400, July 2014

7014 3490 0000 6723 2187

# EXHIBIT B

**TRAVIS COUNTY District Clerk**
**DMS Case Document List**

Cause Number:  D-1-GN-17-005401

| File Date | Category | Description | Additional Info |
|---|---|---|---|
| 10/6/2017 | TDC - Civil - Pleading | ORIGINAL PETITION/APPLICATION | COMPLAINT |
| 2/5/2018 | TDC - Civil - Other | LETTER/EMAIL/CORR | LETTER CITATION REQUEST |
| 2/7/2018 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-61491 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 2/7/2018 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-61486 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 2/7/2018 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-61485 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 2/7/2018 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-61492 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 2/7/2018 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-61493 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 2/7/2018 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-61487 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |